FILED
SUPERIOR COURT
OF GUAM

2018 MAR 20 AM 11: 26

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ZENON E. BELANGER and DEBORAH C. BELANGER, | Small Claims Case No. SD0789-17 |
| Plaintiffs, | |
| vs. | DECISION AND ORDER |
| BRYAN P. JAMES, | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Benjamin C. Sison, Jr. for a bench trial on January 25, 2018. Having reviewed the evidence and the arguments presented, the Court issues the following Decision and Order.

### BACKGROUND

Plaintiffs filed a Declaration on October 27, 2017, requesting $9,500 in damages to their vehicle resulting from a traffic accident which occurred on July 30, 2017 allegedly due to Defendant's negligence. At Trial Plaintiffs argued that the accident was caused by Defendant attempting to change lanes from the outer lane into the inner lane where Zachary Belanger operating Plaintiffs' vehicle was travelling, without ensuring that it was safe to do so. Plaintiffs also argue that Defendant was driving over 65 miles per hour at the time of the accident. At Plaintiffs' request, Officer Laxamana, a Guam Police Officer who has

considerable expertise in accident reconstruction cases, conducted an investigation and concluded that Defendant's vehicle was travelling over 65 miles per hour when it struck Plaintiff's vehicle.

Defendant however claims that he was already driving in the inner lane for quite some time when Plaintiffs' vehicle pulled out in front of his vehicle in an attempt to enter the inner lane from the center lane. Daniel Crosby, a witness, who was travelling on the outer lane in his vehicle behind Defendant, confirmed at Trial that Defendant was already travelling in the inner lane when he observed Plaintiffs' vehicle to have encroached unto the inner lane from the center lane, resulting in the accident.

## DISCUSSION

The court finds that both drivers were negligent in the cause of the accident: Defendant was speeding over 30 miles above the speed limit, and Plaintiff negligently encroached into Defendant's lane of travel. Regarding situations where more than one party is negligent, 7 GCA § 90108 provides the following:

> Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed under the law on Compensatory Relief shall be diminished in proportion to the amount of negligence attributable to the person recovering.

Accordingly, Plaintiff may recover from Defendant despite a finding that Plaintiff was negligent, so long as the Court finds that Plaintiff was *less* negligent than Defendant. However, damages recovered by Plaintiff will be diminished in proportion to the amount of negligence attributable to Plaintiff. In this regard the court finds Defendant to be 70% negligent and Plaintiff to be 30% negligent in causing the accident.

///

///

## CONCLUSION

For the forgoing reasons, Defendant shall be responsible for 70% of the damage caused to Plaintiffs' vehicle. A hearing with respect to damages shall be scheduled before the court on ___APR 0 5 2018 @ 2:30pm___.

SO ORDERED this _20th_ day of March, 2018.

_____
HONORABLE BENJAMIN C. SISON, JR.
Magistrate Judge, Superior Court of Guam